# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KAREN MARQUARDT,

        Petitioner,

vs.

NATIONSTAR MORTGAGE, LLC,

        Respondent.

Case No.: 2:14-cv-01920-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Remand (ECF No. 16) filed by Petitioner Karen Marquardt ("Petitioner"). Respondent Nationstar Mortgage, LLC ("Respondent") filed a Response (ECF No. 23), and Petitioner filed a Reply (ECF No. 24). For the reasons discussed below, Plaintiff's Motion to Remand (ECF No. 16) is **DENIED**.

## I.     BACKGROUND

This case arises out of the parties' participation in Nevada's Foreclosure Mediation Program (FMP). On November 18, 2013, Petitioner filed a Petition for Judicial Review in state court, alleging that Respondent failed to strictly comply with NRS 107.080, 107.086, and the FMP Rules. (*See* Ex. D to Pet. for Removal, ECF No. 5). Within one year, on November 17, 2014, Respondent removed the action to this Court on the basis of diversity jurisdiction. (*See* Pet. for Removal, ECF No. 1).

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §

1447(c).  District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

## III. DISCUSSION

Petitioner asserts that the Court should remand this case for the following reasons: (1) Respondent's Petition for Removal was untimely; (2) removal is improper because state courts have exclusive jurisdiction over petitions for judicial review arising under the Nevada Foreclosure Mediation Program (FMP); and (3) abstention is proper in cases involving a petition for judicial review arising under the Nevada FMP. (Mot. to Remand 1:21–25, ECF No. 16).

### A. Timeliness of Removal

First, Petitioner argues that Respondent's Petition for Removal was untimely. (Mot. to Remand 4:8–7:11).  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a). Among other cases, the district courts of the United States have original jurisdiction of civil actions where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

In diversity cases, the notice of removal ordinarily must be filed within 30 days after receipt of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). However, subject to a one-year limit, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3); *see also id.* § 1446(c)(1) (one-year limit).

This provision "expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been *manifested* only by later papers, revealing the grounds for removal for the first time." *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997), *adopted in Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). If the case is initially not removable because the initial pleading is indeterminate, "the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694.

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. The grounds for removal must "be apparent within the four corners of the initial pleading or subsequent paper." *Lovern*, 121 F.3d at 162, *quoted in Harris*, 425 F.3d at 695. This standard aims to achieve "certainty and predictability" regarding removability and to avoid "gamesmanship in pleading" and "collateral litigation over whether the pleadings

contained a sufficient 'clue,' whether the defendant had subjective knowledge, or whether the defendant conducted sufficient inquiry." *Harris*, 425 F.3d at 697.

Applying these standards of inquiry to the present case, the Court finds that it would not have been apparent on the face of any documents that the minimum amount in controversy was satisfied until Petitioner was granted leave to file a supplemental pleading on November 14, 2014, which requested sanctions in the amount of $2,170,000. (*See* Ex. C to Pet. for Removal, ECF No. 4). Accordingly, the Court finds that Respondent's Petition for Removal was timely filed within thirty days of that date, on November 17, 2014, in conformity with 28 U.S.C. § 1446(b)(3).

### B. Exclusive Jurisdiction

Second, Petitioner argues that "the state district courts in Nevada have exclusive jurisdiction over PJRs properly arising under the Nevada FMP and thus, a PJR cannot be removed to federal court." (Mot. to Remand 7:22–25). However, the Ninth Circuit has held that "[a] state cannot confer rights upon private parties and require that litigation between those parties must be confined to the courts of the state itself." *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 788 (9th Cir. 2009). Moreover, "the states have no power directly to enlarge or contract federal jurisdiction." *Id.* at 789 (quoting *Duchek v. Jacobi*, 646 F.2d 415, 419 (9th Cir. 1981)). Therefore, the Nevada statute could not have affected federal diversity jurisdiction over petitions for judicial review arising under the Nevada FMP, and the Court denies Petitioner's Motion to Remand on this basis.

### C. *Burford* Abstention

Third, Petitioner argues that abstention pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) is appropriate in this case. (Mot. to Remand 7:25–9:3). Three elements generally need to be satisfied before the exercise of *Burford* abstention in the Ninth Circuit: (1) the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not

easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy. *Tucker v. First Maryland Sav. Loan, Inc.*, 942 F.2d 1401, 1403 (9th Cir. 1991). While the power to abstain has historically been seen as the authority of a court sitting in equity, "the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996). Abstention by federal courts is, however, the "exception rather than the rule." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

Here, all three elements are lacking. First, Nevada has not concentrated petitions for judicial review arising under the Nevada FMP in one court. In *Burford,* Texas concentrated all challenges to orders of the regulatory commission in one district court to provide specialized and uniform adjudication. 319 U.S. at 326. However, in Nevada, "[a] party to the mediation may file a petition for judicial review with the district court in the county where the notice of default was properly recorded." Nev. FMP Rule 22(2) (2014). Thus, unlike in *Burford*, petitions for judicial review arising under the Nevada FMP are not concentrated in one district court. Second, the court has not identified any complicated state law issues that are inseparable from federal issues. Third, the Court has not identified how federal review of petitions for judicial review arising under the Nevada FMP will disrupt state efforts to establish coherent policy. Accordingly, the Court finds that *Burford* abstention is not appropriate in this case.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 16) is **DENIED**.

**DATED** this 14th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge