# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KAREN MARQUARDT,

          Petitioner,

vs.

NATIONSTAR MORTGAGE, LLC,

          Respondent.

Case No.: 2:14-CV-01920-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Certify Order (ECF No. 26) filed by Petitioner Karen Marquardt ("Petitioner"). Respondent Nationstar Mortgage, LLC ("Respondent") filed a Response (ECF No. 27), and Petitioner filed a Reply (ECF No. 28). For the reasons discussed below, Petitioner's Motion to Certify Order is **DENIED**.

## I.  BACKGROUND

This motion arises from this Court's previous Order (ECF No. 25), denying Petitioner's Motion to Remand (ECF No. 16). On April 14, 2015, this Court denied Petitioner's motion to remand this case to state court because it found, *inter alia*, that Nevada state courts do not have exclusive jurisdiction over cases arising out of the Nevada Foreclosure Mediation Program. (Order 4:11–20, ECF No. 25). On April 24, 2015, Petitioner filed the instant motion to certify this Court's order to the Ninth Circuit Court of Appeals for interlocutory appeal. (ECF No. 26).

## II.  LEGAL STANDARD

Federal district courts certify orders for interlocutory appeal only when exceptional circumstances exist. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *United States Rubber Co., v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) ("[28 U.S.C. § 1292(b)] was not intended merely to provide review of difficult rulings in hard cases.")). Even when exceptional circumstances exist, the petitioner must also satisfy three criteria before a

district court will certify an order for interlocutory appeal. *See* 28 U.S.C. § 1292(b). The requirements are: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement*, 673 F.2d at 1026. A controlling question of law is one that, if resolved on appeal, would materially affect the outcome of the litigation in district court. *Id*.

### III.     DISCUSSION

Petitioner advances three reasons the Court should grant the Motion to Certify Order: (1) whether federal courts have jurisdiction over a Petition for Judicial Review ("PJR") is a debatable controlling question of law; (2) an interlocutory appeal would materially advance the ultimate termination of this litigation in federal court because the appellate court might find that federal courts do not have jurisdiction over PJRs; and (3) because this is a state law claim originating in the Nevada State Court, there is justification for certifying the order. (Mot. to Cert. Order 3:13–4:11, ECF No. 26).

Petitioner asserts that whether federal courts have jurisdiction over a PJR is a debatable controlling question of law because the Nevada legislature appears to have reserved PJR jurisdiction exclusively for Nevada state court. (Mot. to Cert. Order. 3:13–4:3). An issue may be a "controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 318–319 (9th Cir. 1998). Whether this Court has jurisdiction to hear the instant action constitutes a controlling question of law.

However, because the Ninth Circuit previously ruled on state legislatures' ability to constrict federal court jurisdiction, no substantial grounds for a difference of opinion exist. Substantial grounds for a difference of opinion exist where reasonable jurists might disagree on an issue's resolution. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Futher support for substantial grounds for a difference of opinion is found where the court of appeals of that circuit has not yet spoken on the issue. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). However, substantial grounds for difference of opinion do not exist where counsel asserts one precedent is controlling over another precedent. *Couch*, 611 F.3d at 633.

Here, the Court relied upon binding Ninth Circuit precedent, which held that states cannot vest themselves with exclusive jurisdiction over parties' claims. *See BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 788–789 (9th Cir. 2009) ("A state cannot confer rights upon private parties and require that litigation between those parties must be confined to the courts of the state itself."). Petitioner has not cited any contradictory Ninth Circuit opinions. Moreover, this Court is not bound by the rulings of other district courts. *In re Silverman*, 616 F.3d 1001, 1005 (9th Cir. 2010) (quoting *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 (9th Cir. 1977) ("The doctrine of stare decisis does not compel one district court judge to follow the decision of another.")). Therefore, the existence of, and Petitioner's reliance upon, a contradictory district court opinion does not create substantial grounds for a difference of opinion regarding jurisdiction over a PJR.

Petitioner has not shown that substantial ground for a difference of opinion exists. Because Petitioner has not satisfied the second element, and certification of an order for interlocutory appeal requires satisfaction of all three elements, this Court will not address Petitioner's remaining contentions.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Certify Order (ECF No. 26) is **DENIED**.

**DATED** this 8th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge